## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

VIVIANA GAMBUZZA, *individually and on behalf of all others similarly situated,*

      Plaintiff,

v.

THE REALREAL, INC.,

      Defendant.

CASE NO. 6:23-cv-00442

## NOTICE OF REMOVAL BY
## <u>DEFENDANT THE REALREAL, INC.</u>

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 and Local Rule 1.06, Defendant The RealReal, Inc. ("Defendant") hereby removes this action from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, to the United States District Court of the Middle District of Florida, Orlando Division.  In support of this removal, Defendant states as follows.

### INTRODUCTION

1.    On February 2, 2023, Viviana Gambuzza ("Plaintiff") filed this action in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, styled as *Viviana Gambuzza, individually and on behalf of all others similarly situated, v. The RealReal, Inc.*, Cause No. 2023-CA-000962-O.

1

2.     The Complaint alleges that Defendant violated the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, and seeks an award of statutory damages, injunctive relief, attorneys' fees, and costs. *See* **Exhibit A,** Complaint & Prayer for Relief.

3.     As shown below, the Court has diversity jurisdiction over this action and all conditions necessary to remove this action to this Court have been satisfied.

**JURISDICTIONAL STATEMENT—28 U.S.C. 1332(a)**

4.     This Court has jurisdiction over this action under 28 U.S.C. § 1332(a).

5.     Section 1332(a) creates diversity jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States. . . ." 28 U.S.C. § 1332(a).

6.     This action satisfies both of those jurisdictional prerequisites.

**Complete Diversity**

7.     Plaintiff alleges that she is and was a resident of Orange County, Florida.

8.     Plaintiff is a citizen of Florida because she is and for many years has been a resident of Florida, employed in Florida, registered to vote in Florida, and licensed to drive in Florida, and because she has no present

intention to relocate to a state other than Florida.  *See, e.g.*, *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) (explaining domicile test).

9.    Defendant is a citizen of Delaware and California because it is a corporation that is organized under the laws of Delaware and has its principal place of business—i.e., its corporate headquarters—at 55 Francisco Street, Suite 600, San Francisco, California 94133.  *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. . . .").

10.    Accordingly, there is complete diversity between the Defendant and the Plaintiff.  *See* 28 U.S.C. § 1332(a)(1).

## Amount in Controversy

11.    Plaintiff claims not only that she is a "called party," but also that she was so "adversely affected" and "aggrieved" by multiple alleged violations of the FTSA that she is entitled to seek an award of statutory damages of $500 per alleged violation.  *See* Compl. ¶¶ 4, 5, 6, 38 & Prayer for Relief (attached as **Exhibit A**); *see also* Fla. Stat. § 501.059(10)(a) (statutory damages).[1]

---

[1]    In other words, Plaintiff claims she suffered a concrete injury in fact. The language of the FTSA requires that plaintiffs not only have received a call (i.e., that they be a "called party") but also that the call caused an injury other than the alleged violation itself (i.e., that they be "aggrieved").  *See* Fla. Stat. § 501.059(1)(A) ("'Called party' means a person who . . . receives a telephonic sales call"); *id.* § 501.059(10)(a) ("A called party *who is aggrieved by* a violation of this section may bring an action") (emphasis added); *see also, e.g.*, *David Spade v. Select Comfort Corp.*, 181 A.3d 969, 979 (N.J. 2018) ("If 'aggrieved

12.    Plaintiff also claims that Defendant's alleged violations of the FTSA were "willful or knowing" such that the Court could treble damages.  *See* Compl. ¶ 37; *see also* Fla. Stat. § 501.059(10)(b) (treble damages).

13.    Plaintiff claims that the amount in controversy exceeds $30,000.00 "exclusive of interest, costs, and attorney's fees."  Compl. ¶ 9.

14.    In other words, Plaintiff alleges that the value of statutory damages in and of itself exceeds $30,000.  *Id.*

15.    If trebled, the value of Plaintiff's requested statutory damages would in and of itself exceed $75,000 (i.e., $30,000 x 3 = $90,000).

16.    Plaintiff also requests an award of "reasonable attorney's fees and court costs[.]"  *Id.*, Prayer for Relief.

17.    The FTSA provides that a prevailing party "shall receive his or her reasonable attorney's fees and costs. . . ."  Fla. Stat. § 501.059(11)(a).

18.    Because Plaintiff seeks fees and costs that are permitted by statute, the amount of such an award may be included in the amount in controversy.  *See, e.g.*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000)("[W]hen a statutory cause of action entitles a party to recover reasonable attorney fees, the amount in controversy includes consideration of

---

consumer' were construed to mean nothing more than a 'consumer' to whom a contract or other writing is offered, given or displayed, the term 'aggrieved' would indeed be superfluous.").  Plaintiff claims that she has such harm here.

the amount of those fees."); *see also Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000).

19.     The amount put in controversy by Plaintiff's request for attorneys' fees in and of itself likely exceeds $45,000 (i.e., $75,000 less the $30,000 in statutory damages claimed by Plaintiff even before trebling).

20.     The median hourly rate in this region for attorneys with experience litigating consumer class actions is at least $450.

21.     Based on that conservative figure, Plaintiff's counsel would exceed $45,000 in attorneys' fees after working only 100 hours.

22.     Plaintiff's counsel can reasonably be expected to work substantially more than 100 hours on this matter from the moment of their engagement to the entry of judgment and conclusion of any resulting appeals.

23.     The amount in controversy would increase even more if it included costs allowed by the FTSA.

24.     Accordingly, the amount placed in controversy by this claim exceeds $75,000.

*            *            *

25.     Because there is complete diversity and more than $75,000 in controversy, this Court has original subject-matter jurisdiction. *See* 28 U.S.C. §§ 1332(a)(1).

26.     Because this Court has original subject-matter jurisdiction over

5

this action under 28 U.S.C. § 1332, Defendant may remove this action under 28 U.S.C. § 1441(a).

### JURISDICTIONAL STATEMENT—28 U.S.C. 1332(d)

27.     This Court has jurisdiction over this action under the Class Action Fairness Act of 2005 (CAFA), Pub. L. No. 109-2, 119 Stat. 4 (2005) (codified in 28 U.S.C. § 1332(d) and other scattered sections of Title 28).

28.     CAFA extends diversity jurisdiction to putative class actions that have: (i) been commenced after February 18, 2005; (ii) minimal diversity; (iii) 100 or more putative class members; and (iv) an aggregate amount in controversy over $5,000,000.     28 U.S.C. §§ 1332 note, 1332(d)(2)(A), 1332(d)(5)(B), 1332(d)(6).

29.     This action satisfies every applicable jurisdictional prerequisite.[2]

### Commencement

30.     Plaintiff commenced this action on February 2, 2023.  *See* Compl.

---

[2]     Strictly speaking, CAFA's amount in controversy requirement is located within § 1332(d), which applies to actions that are filed by plaintiffs, not § 1453, which applies to actions that are removed by defendants.  Although normally an action can only be removed to federal court if it could have been filed there originally, Congress can provide otherwise.  *See* 28 U.S.C. § 1441(a).  Here, Section 1453(b) states simply that an action may be removed so long as it is a "class action."  *See* 28 U.S.C. § 1453(b) ("A class action may be removed. . . .").  Nothing in CAFA suggests—let alone requires—that actions that are removed under § 1453 must satisfy the amount in controversy requirement of § 1332(d).  Indeed, the language of Section 1453 suggests otherwise, as it incorporates Section 1332's definition of "class action" but not its other requirements.  *See id*. § 1453(a).  This is an academic point here, however, as Section 1332(d) is satisfied as well.  *See infra*.

31.    Accordingly, this action was commenced after CAFA's effective date.

## Minimal Diversity

32.    CAFA requires only minimal diversity—i.e., that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

33.    Defendant is a citizen of Delaware and California. *See supra.*

34.    Plaintiff is a citizen of Florida. *See supra.*

35.    Plaintiff brings this action on behalf of not only herself but also a putative class of "[a]ll persons in the State of Florida who . . . were sent a telephonic sales call regarding Defendant's goods and/or services[.]" Compl. ¶ 20.

36.    Accordingly, there is at least minimal diversity between Defendant and at least one named or unnamed member of the putative class. *See* 28 U.S.C. § 1332(d)(2)(A).

## Numerosity

37.    CAFA does not apply to class actions "in which . . . the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5)(B).

38.    Plaintiff defines the putative class as "[a]ll persons in the State of Florida who . . . were sent a telephonic sales call regarding Defendant's goods and/or services" since July 1, 2021.  Compl. ¶ 20.

39.    Plaintiff alleges that the number of putative class members is "in the several hundreds, if not more." *Id.* ¶ 21.

40.    Since July 1, 2021, more than 100 individuals with Florida area codes have received a phone call or text message regarding Defendant's goods or services.

41.    Accordingly, there are more than 100 putative class members.  *See* 28 U.S.C. § 1332(d)(5)(B).

### Amount in Controversy

42.    CAFA requires that "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs . . . ."  28 U.S.C. § 1332(d)(2).[3]

43.    "[T]o determine whether the matter in controversy exceeds the sum or value of $5,000,000," the "claims of the individual class members shall be aggregated." *Id.* § 1332(d)(6).

---

[3]    At least insofar as CAFA is concerned, there is no so-called presumption against removal.  *See, e.g.*, *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89] (2014) ("In remanding the case to state court, the District Court relied, in part, on a purported 'presumption' against removal.  We need not here decide whether such a presumption is proper in mine-run diversity cases. It suffices to point out that no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.").

44.    Plaintiff requests an award of statutory damages for herself and each member of the putative class.  Compl. ¶ 5 & Prayer for Relief.

45.    The FTSA permits an aggrieved party to recover actual damages or $500 per violation, whichever is greater.  Fla. Stat. § 501.059(10)(a).

46.    The FTSA further gives courts the discretion to treble damages where a violation was willful or knowing.  *Id.* § 501.059(10)(b).

47.    Since July 1, 2021, Defendant has sent or caused to be sent more than 3,334 text messages regarding its goods or services to numbers with Florida area codes.

48.    Plaintiff claims that Defendant's alleged violation of the FTSA was "willful and knowing." *Id.* ¶ 37.

49.    Thus, the value of Plaintiff's request for aggregate statutory damages in and of itself exceeds at least $5,000,000 (i.e., $500 (statutory damages per violation) x 3,334 (number of alleged violations) x 3 (trebling for allegedly willful or knowing violations) = $5,001,000).

50.    Plaintiff also requests an award of "reasonable attorney's fees and court costs[.]"  Compl., Prayer for Relief.

51.    Because such fees and costs are permitted by statute, the amount of such an award may be included in the amount in controversy.  *See supra.*

52.    Plaintiff also requests injunctive relief, Compl. ¶ 5, Prayer for Relief, including an "injunction requiring Defendant to cease all telephonic

sales calls made without express written consent, and to otherwise protect the interests of the" putative class. *See* Compl., Prayer for Relief.

53.    The cost of complying with such a broad request for injunctive relief now and into the foreseeable future would be substantial and should be included in the amount in controversy.

54.    Although Defendant denies that it is liable to Plaintiff or anyone else, and denies that a class could be properly certified under Federal Rule of Civil Procedure 23 or otherwise, the aggregate amount placed "in controversy" by this case—that is, the aggregate value of the various forms of relief sought by Plaintiff—exceeds $5,000,000.

*        *        *

55.    Because this is a putative class action that was commenced after February 18, 2005 in which there is minimal diversity, more than 100 putative class members, and more than $5,000,000 in the aggregate in controversy, this Court has original subject-matter jurisdiction. *See* 28 U.S.C. § 1332(d)(2)(A).

56.    Because this Court has original subject-matter jurisdiction over this action under 28 U.S.C. § 1332, Defendant may remove this action under 28 U.S.C. § 1441(a).

10

## PROCEDURAL STATEMENT

57.    Pursuant to 28 U.S.C. § 1446(a), it is sufficient to provide a "short and plain" jurisdictional allegation and it is not necessary to attach evidence to a notice of removal. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014) ("A statement 'short and plain' need not contain evidentiary submissions.").

58.    Pursuant to 28 U.S.C. § 89(b) and Local Rule 1.06(a), this Notice of Removal is properly filed in the United States District Court for the Middle District of Florida, Orlando Division, because that judicial district and division embrace the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, where this action is currently pending.

59.    Pursuant to 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6, this Notice of Removal has been timely filed within thirty (30) days of service because Plaintiff purported to serve Defendant personally on February 8, 2023.

60.    Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal has been signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

61.    Pursuant to 28 U.S.C. § 1446(a) and Local Rule 1.06(b), a copy of the operative Complaint is attached as **Exhibit A**, a copy of the state-court docket is attached as **Exhibit B**, and copies of other process, pleadings, motions, orders, and papers docketed in this action are attached collectively as **Exhibit C**.

62.    Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this Notice of Removal in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, and give Plaintiff written notice of the removal of this action.

63.    By removing this action to this Court, Defendant does not admit that it has any liability to the Plaintiff or anyone else, and does not waive any defenses that are available to it under state or federal law.  *See, e.g.*, *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) ("[T]he pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover.") (emphasis in original).

64.    Defendant reserves the right to require that the claims of the Plaintiff or certain members of the putative class be decided through individual arbitrations, to move to dismiss or for summary judgment pursuant to Federal

Rules of Civil Procedure 12 and 56, and to strike or oppose the certification of any putative class pursuant to Federal Rule of Civil Procedure 23.

65.    Defendant also reserves the right to amend or supplement this Notice of Removal and to present legal argument and evidentiary support if federal jurisdiction is questioned.

**WHEREFORE**, Defendant hereby removes this action to the United States District Court of the Middle District of Florida, Orlando Division.

Dated: March 10, 2023

*/s/ Emanuel L. McMiller*
Emanuel L. McMiller (FL #1025242)
FAEGRE DRINKER BIDDLE & REATH LLP
300 N. Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Tel:  (317) 237-1126
Fax: (317) 237-1100
manny.mcmiller@faegredrinker.com

Michael P. Daly
(Motion for special admission forthcoming)
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103
Tel:   (215) 988-2700
Fax:  (215) 988-2757
michael.daly@faegredrinker.com

*Attorneys for Defendant The RealReal, Inc.*

## CERTIFICATE OF SERVICE

I, Emanuel L. McMiller, hereby certify that on March 10, 2023, I filed the foregoing Notice of Removal via the Court's ECF system and served the following counsel a courtesy copy via United States mail:

Benjamin W. Raslavich, Esq.
Kuhn Raslavich PA
2110 W Platt Street
Tampa, FL 33606
Telephone: (813) 422-7782
Facsimile: (813) 422-7783
Email: ben@thekrfirm.com

*Counsel for Plaintiff*

/s/ *Emanuel L. McMiller*
Emanuel L. McMiller